IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 18-20072-JAR |
| CORRINE MAYO, | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Corrine Mayo's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. 66) and Motion to Construe Motion for Sentence Reduction Under Amendment 833 as a Motion for Compassionate Release Due to Non-Retroactivity of Amendment 833 (Doc. 70).[1] The motions are fully briefed, and the Court is prepared to rule. As explained more fully below, the Court grants Defendant's motion to construe her motion for sentence reduction as a motion for compassionate release and dismisses Defendant's motion for compassionate release for failure to exhaust administrative remedies.

## I.    Background and Amendment 833

On September 28, 2020, Defendant Corrine Mayo entered a guilty plea to Count One of the seven-count Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) for possession with the intent to distribute more than 50 grams of methamphetamine.[2] On January 6,

---

[1] Defendant filed these motions pro se. Thus, the Court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as advocate. *Id.*

[2] Doc. 24.

2021, the Court sentenced Defendant to a term of 222 months' imprisonment.  Defendant's scheduled release date is July 18, 2033.

Defendant filed her first motion on December 30, 2025, asking the Court for a sentence reduction based on Amendment 833 to the United States Sentencing Guidelines.  She argues that under this amendment, her offense level should be reduced by two levels.  The Government responded by arguing that Amendment 833 is not retroactive, so it does not apply to Defendant.  The Government is correct.  Amendment 833 to the Sentencing Guidelines became effective on November 1, 2025.[3]  But the Sentencing Commission has not made Amendment 833 retroactively applicable to offenders who are currently incarcerated.[4]

Defendant then filed her second motion, acknowledging that Amendment 833 is not retroactive, and asking this Court to construe her December 30, 2025 motion as a motion for compassionate release instead.  The Court grants Defendant's motion to construe her motion under the compassionate release statute.

## II.    Compassionate Release Standards

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.'  One such exception is contained in § 3582(c)(1)."[5]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[6] permits a court to reduce a term of imprisonment "upon motion of the

---

[3] U.S. Sent'g Guidelines Manual app. C, vol. IV, amend. 833 (U.S. Sent'g Comm'n 2025).

[4] U.S.S.G. § 1B1.10(a)&(d)  ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").  Amendment 833 is not listed under subsection (d).

[5] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[6] Pub. L. No. 115-391, 132 Stat. 5194.

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[7]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[8]  If the court grants the motion, however, it must address all three steps.[9]

## III.    Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the Government may waive or forfeit.[10]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[11]  Here, the Government invokes the exhaustion requirement and argues that the Court should dismiss Defendant's motion without reaching the merits because she fails to show that she has satisfied the statute's exhaustion requirement. Defendant filed a reply that attaches an email she sent to "customersupport@bars2bridges.org."

---

[7] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[8] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[9] *McGee*, 992 F.3d at 1043.

[10] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[11] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

In that email, she states that she sent a request for compassionate release to the prison warden on January 18, 2026, but that she had no way of printing and sending a copy because the prison printer was broken.

To exhaust administrative remedies, "a defendant must file a request with the warden of his institution of incarceration."[12]  Although Defendant represents that she exhausted her administrative remedies in her email to a third party, she provides no proof that she submitted a request to the warden and that the warden did not respond after 30 days.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to refiling if and when she exhausts her administrative remedies.[13]

Defendant asserts in her motion that exhaustion would be futile because her claim concerning sentencing disparities is a "purely judicial issue beyond BOP authority."[14]  But there is no authority for the Court to judicially waive the mandatory exhaustion rule under similar circumstances.  Accordingly, the Court must dismiss Defendant's motion for compassionate release for failure to exhaust.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Corrine Mayo's Motion to Construe Motion for Sentence Reduction Under Amendment 833 as a Motion for Compassionate Release Due to Non-Retroactivity of Amendment 833 (Doc. 70) is **granted**. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. 66), construed

---

[12] *United States v. Gieswein*, No. 22-6014, 2022 WL 2841835, at *2 (10th Cir. July 21, 2022).

[13] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

[14] Doc. 70 at 2.

as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), is **dismissed for failure to exhaust**.

IT IS SO ORDERED.

Dated: May 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE