**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORRINE MAYO,**<br><br>**Defendant.** | **Case No. 18-20072-JAR** |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Corrine Mayo's Pro Se Motion for Reconsideration of Memorandum and Order (Docket #73) Relating to Motion to Construe Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) Under Amendment 833 as a Motion for Compassionate Release Due to Non-Retroactivity of Amendment 833 (Docket # 70) (Doc. 74), and Motion for Supplemental Support in the Form of Letters in Support of Motion for Compassionate Release (Doc. 77). The motion to reconsider is fully briefed, and the Court is prepared to rule. As explained more fully below, the Court grants Defendant's motion to reconsider her previously denied compassionate-release motion in light of her new evidence of exhaustion. On reconsideration, the Court denies Defendant's motion for compassionate release. The Court also denies Plaintiff's motion to supplement the record with letters of support.

## I. Background

On September 28, 2020, Defendant Corrine Mayo entered a guilty plea to Count One of the seven-count Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) for possession with the intent to distribute more than 50 grams of methamphetamine.[1] The

[1] Doc. 49.

Presentence Investigation Report ("PSR") calculated Defendant's total offense level as 39. With a Criminal History Category of I, the resulting Guidelines range was 262–327 months. On January 6, 2021, the Court imposed a variance under 18 U.S.C. § 3553(a) "to account for the extent of programming and coursework the defendant has completed in custody since her arrest, demonstrating rehabilitative efforts," and sentenced Defendant to a term of 222 months' imprisonment.[2] Defendant's scheduled release date is July 18, 2033.[3]

On December 30, 2025, Defendant moved for a sentence reduction based on Amendment 833 to the United States Sentencing Guidelines, which expanded the mitigating-role adjustment in drug cases under U.S.S.G. § 2D1.1.[4] Defendant argued that the amendment, which became effective on November 1, 2025, would decrease her offense level to 37. Before the Court could rule on her motion for sentence reduction, Defendant filed another motion, acknowledging that Amendment 833 is not retroactive,[5] and asking this Court to construe her December 30, 2025 motion as a motion for compassionate release.

On May 11, 2026, the Court granted Defendant's motion to construe her earlier motion as one for compassionate release.[6] The Court then dismissed Plaintiff's motion for compassionate release without prejudice for failure to demonstrate that she exhausted her administrative remedies, a prerequisite to filing.[7]

---

[2] Doc. 60 at 3. Defendant was subject to a mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A).

[3] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc//index.jsp.

[4] U.S.S.G. § 2D1.1(e).

[5] *See* U.S.S.G. § 1B1.10(a)&(d) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."). Amendment 833 is not listed under subsection (d).

[6] Doc. 73.

[7] *Id.*

## II. Motion to Reconsider

Defendant now seeks reconsideration of the Court's May 11, 2026 Order dismissing her compassionate-release motion without prejudice. She attaches proof of exhaustion to the motion to reconsider, and asks that the Court reopen her motion for compassionate release and rule on the merits. The Government does not oppose reopening the motion in light of Defendant's exhaustion, but argues that the motion for compassionate release should be denied on the merits.

Under D. Kan. Rule 7.3, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[8] Here, Defendant submits new evidence of exhaustion, and the Government does not oppose reopening the motion for compassionate release to consider the merits. The Court therefore grants Defendant's unopposed motion to reconsider the merits of Defendant's motion for compassionate release in light of her exhaustion. The Court reopens the motion for compassionate release and considers it on the merits below.

## III. Compassionate Release Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."[9] One such exception is contained in § 3582(c)(1)."[10] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

[8] *See* D. Kan. Rule CR1.1 (providing that Rule 7.3 applies in criminal proceedings).

[9] *Freeman v. United States*, 564 U.S. 522, 526 (2011).

[10] *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), *abrogated on other grounds by Rutherford v. United States*, 608 U.S. 454 (2026).

[11] Pub. L. No. 115-391, 132 Stat. 5194.

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under this provision, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13] If the Court grants the motion, however, it must address all three steps.[14]

Because Plaintiff filed this motion pro se, the Court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," but the Court will not act as her advocate.[15]

## IV. Discussion

### A. Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the Government invokes it.[16] The Government now concedes, and the Court is satisfied, that Defendant exhausted her administrative rights to appeal, as indicated by a letter

---

[12] 18 U.S.C. § 3582(c)(1)(A); *see McGee*, 992 F.3d at 1042 (setting forth three-step framework).

[13] *McGee*, 992 F.3d at 1043 (alteration added) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[14] *Id.* at 1043.

[15] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

from the Warden denying her request for compassionate release that Defendant submitted with her motion to reconsider.[17] The Court thus proceeds to the merits.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant" a sentence reduction before it may grant the motion. The Court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[18] This "is a demanding standard."[19] Defendant argued in her original motion that Amendment 833 to the Sentencing Guidelines, although not retroactively applicable to her, warrants a finding of extraordinary and compelling circumstances because of the sentencing disparity it creates when applied to her. Defendant claims that if she was sentenced today, her sentence would be lower based on Amendment 833. When combined with her post-conduct rehabilitation, Defendant argues that the sentencing disparity constitutes extraordinary and compelling circumstances.

The Government relies on the Supreme Court's recent decision in *Rutherford v. United States*,[20] to argue that a sentencing disparity created by a nonretroactive change in the law does not constitute an extraordinary and compelling reason for compassionate release. The Government further argues that rehabilitation alone cannot be an extraordinary and compelling reason that warrants compassionate release.

#### 1. Sentencing Disparity

In *Rutherford*, the Court considered whether a nonretroactive sentencing disparity created by the First Step Act of 2018 was an extraordinary and compelling circumstance that entitled two

---

[17] Doc. 74-2.

[18] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[19] *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026).

[20] 146 S. Ct. 1320 (2026).

defendants to compassionate release.[21] Both defendants in that case were convicted of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). At the time, the statute provided for a mandatory 25-year consecutive term of imprisonment for each subsequent § 924(c) conviction after the first offense.[22] Both defendants received sentences for multiple § 924(c) violations under this provision, resulting in 32- and 57-year sentences, respectfully.[23] The First Step Act amended § 924(c) to eliminate the 25-year stacking provision for first-time offenders.[24] Under the amended statute, the defendants would receive mandatory minimum sentences under § 924(c) for 14 and 21 years, respectfully.[25]

The defendants in *Rutherford* moved for compassionate release based on the sentencing disparity between their imposed sentences and the sentences they would receive under the amended statute, but the Court found no extraordinary and compelling circumstances warranting compassionate release.[26] The sentencing disparity was not "extraordinary" because "a nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not. Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default."[27] And it was not "compelling" because Congress chose not to make the statutory change retroactive, and treating the disparity as compelling "would undermine Congress's choice to leave the sentence intact."[28] Finally, the Court determined that

---

[21] *Id.* at 1326.

[22] *Id.*

[23] *Id.* at 1326–27.

[24] *Id.* at 1327 (quoting First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5222).

[25] *Id.*

[26] *Id.* at 1330.

[27] *Id*. (citation omitted).

[28] *Id.* at 1331.

granting the motion would "fall well outside the heartland of compassionate release, which has long been defined by a prisoner's personal circumstances," such as medical condition, age, and family circumstances.[29]

The Government argues that the reasoning in *Rutherford* applies equally to the Sentencing Commission's nonretroactive amendments to the Sentencing Guidelines, such as Amendment 833. Defendant urges that *Rutherford* only prohibits courts from finding that nonretroactive statutory amendments are extraordinary and compelling circumstances justifying compassionate release. The Court agrees with the Government.

First, Defendant fails to explain how Amendment 833 creates the kind of sentencing disparity that is an extraordinary and compelling circumstance warranting compassionate release. Recall that the defendants in *Rutherford* received sentences more than twice as long as the sentences they would have received under the amended statute. Despite these "significant" disparities, the Court determined that the nonretroactive statutory amendment did not qualify as an extraordinary and compelling basis for compassionate release.[30] Here, Defendant claims that Amendment 833 would have reduced her total offense level from 39 to 37. With that lower offense level, her resulting Guidelines range under the 2025 Sentencing Guidelines is 210–262 months. The Court's 222-month sentence is within this adjusted Guidelines range. And assuming the Court would impose a variance, as it did at her original sentencing, it is not clear that it would be significant once the Court considered all of the factors under § 3553(a) in conjunction with this revised Guidelines range.

---

[29] *Id.*

[30] *Id.* at 1327.

Second, even assuming there is a sentencing disparity, the Supreme Court's reasoning in *Rutherford* applies equally to the Guideline amendment at issue here. As with statutory amendments, nonretroactive amendments under the Sentencing Guidelines are unexceptional. Under U.S.S.G. § 1B1.10, the Court may only reduce a defendant's term of imprisonment due to a subsequent Guidelines range reduction if it is listed in subsection (d). Defendant acknowledges this provision because she asked this Court to treat her original motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) under the compassionate release provision in § 3582(c)(1)(A)(i) instead. Just like the nonretroactive statutory amendment the Court considered in Rutherford, the default under the Sentencing Guidelines is that amendments are nonretroactive unless listed under U.S.S.G. § 1B1.10(d). Likewise, a sentencing disparity created by a nonretroactive Guideline amendment is not "compelling" for the same reasons discussed in *Rutherford*. The Sentencing Commission chose not to make Amendment 833 retroactive, so treating it as compelling undermines that determination.

Third, like the statutory amendments at issue in *Rutherford*, granting Defendant's motion based on a sentencing disparity created by Amendment 833 would fall outside "the heartland of compassionate release, which has long been defined by a prisoner's personal circumstances."[31] In her reply, Plaintiff insists that she does not rely solely on the sentencing disparity as a basis for compassionate release; it is part of the "individualized combination of circumstances" that she argues warrant compassionate release in this case.[32] But Defendant's original motion for sentence reduction that the Court agreed to construe as a compassionate release motion exclusively relied on this sentencing disparity argument. And even though Defendant's motion

[31] *Id.*

[32] Doc. 76 at 1.

to reconsider states that her request is based on "individualized circumstances," she fails to name or discuss anything other than the Amendment 833 sentencing disparity.[33] Her reply states that these individualized circumstances are "the Commission's later judgment that low-level drug-trafficking functions were not adequately captured by the prior guideline structure, the resulting disparity in Defendant's sentence, and Defendant's exceptional rehabilitation."[34] But those first two items are the same thing: she asks the Court to consider the Sentencing Commission's nonretroactive amendment to the Sentencing Guidelines, and the resulting sentencing disparity.

In the reply, Defendant also refers to her "rehabilitation, present risk, time served, institutional record, and release plan under § 3553(a)."[35] Again, these are not extraordinary and compelling circumstances. The Court discusses rehabilitation below, which encompasses her present risk, time served, and institutional record. The Court must consider Defendant's release plan before it may grant a compassionate-release motion, but there is no authority that having a release plan, in and of itself, is an extraordinary and compelling circumstance. And Defendant misunderstands the role of § 3553(a) in deciding a compassionate release motion. As the Court explained in *Rutherford*:

> Petitioners skip a step. Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the "limited class of prisoners" who are "eligibl[e]" for such a reduction. And whether a prisoner is eligible depends on whether he can offer "extraordinary and compelling" reasons that "warrant" compassionate release, not on the § 3553(a) factors. This gatekeeping requirement is not, as petitioners seem to believe, a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release.[36]

---

[33] *See* Doc. 74.

[34] Doc. 76 at 1.

[35] *Id.* at 3.

[36] *Rutherford*, 146 S. Ct. at 1333 (alteration in original) (quoting 18 § 3582(c)(1)(A)(i)) (citations omitted).

Defendant argues that the Supreme Court's decision in *Concepcion v. United States*[37] recognizes that "sentencing courts generally may consider intervening changes of law or fact unless Congress clearly says otherwise."[38] *Concepcion* does not support Defendant's motion. As the Court explained in *Rutherford*, *Concepcion* did not consider whether a sentencing disparity qualifies as an extraordinary and compelling basis for compassionate release.[39] In *Concepcion*, the Court considered a different provision of the First Step Act, and explained that when resentencing a defendant under that provision, "a court could consider changes to the Guidelines, as well as intervening facts."[40] Here, the Court is not called upon to resentence Defendant. As in *Rutherford*, this Court must determine if Defendant is "eligible for compassionate release in the first place. And on that score, Congress has 'expressly cabined district courts' discretion,' by prohibiting a reduction in sentence unless a court finds that 'extraordinary and compelling' reasons warrant it."[41]

In sum, the Court determines that any sentencing disparity between the sentence Defendant received and the one that would be imposed if Amendment 833 retroactively applied to her, is not an extraordinary and compelling circumstance that warrants compassionate release.

**2. Rehabilitation**

Defendant also asks the Court to consider her rehabilitation while in prison. The Court applauds Defendant's efforts at rehabilitation during her period of confinement. But Congress has made clear that "[r]ehabilitation . . . alone shall not be considered an extraordinary and

---

[37] 597 U.S. 481 (2022).

[38] Doc. 74 at 4.

[39] *Rutherford*, 146 S. Ct. at 1333.

[40] *Id.* (discussing *Concepcion*, 597 U.S. at 500).

[41] *Id.* (quoting *Concepcion*, 597 U.S. at 495) (citations omitted).

compelling reason" for compassionate release.[42] Because the Court has already determined that any potential sentencing disparity created by Amendment 833 is not an extraordinary and compelling circumstance, it cannot consider Defendant's rehabilitation in isolation.

In sum, the Court finds that Defendant is not eligible for compassionate release because she has not demonstrated that extraordinary and compelling reasons justify such relief.

## IV. Motion to Supplement

Because the Court finds that there are no extraordinary and compelling circumstances that warrant compassionate release in this matter, the Court need not consider the remaining compassionate-release requirements: whether it would be consistent with the Sentencing Commission's policy statements and whether compassionate release is supported by the § 3553(a) factors.[43] Because the Court does not reach the § 3553(a) factors, there is no reason for it to consider the letters of support Defendant attaches to her motion to supplement. While these letters are preserved for the record as attachments to Defendant's motion, the Court denies the motion to supplement since they would only be relevant to those § 3553(a) factors.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Corrine Mayo's Pro Se Motion for Reconsideration of Memorandum and Order (Docket #73) Relating to Motion to Construe Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) Under Amendment 833 as a Motion for Compassionate Release Due to Non-Retroactivity of Amendment 833 (Docket # 70) (Doc. 74) is **granted**. The Court reopens Defendant's previously dismissed Motion for Compassionate Release (Doc. 70) and **denies** the motion.

[42] 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).

[43] *See Rutherford*, 146 S. Ct. at 1333.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion for Supplemental Support in the Form of Letters in Support of Motion for Compassionate Release (Doc. 77) is **denied**.

**IT IS SO ORDERED.**

Dated: October 14, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE